

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOAR, INC.; KARL SNOWDEN; MAVERICK SNOWDEN; SUZANNE SNOWDEN, | No. 11-15979 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-01091-PMP-RJJ |
| v. | MEMORANDUM[*] |
| COUNTY OF NYE; JACK LOHMAN; RICHARD JOHNSON; BRENT STEED; CHARLES ABBOTT ASSOCIATES, INC.; JIMMY FLOYD, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted November 9, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In 2007, Karl and Maverick Snowdon purchased a parcel of land located on 3271 S. Homestead Road in Pahrump, Nevada that they intended to commercially develop. Over the following years, however, the Snowdons would repeatedly be dismayed to discover that there were various statutory requirements and fees expected for the development of a commercial property in Nye County, Nevada. Believing that these requirements were inconsistently imposed by the County, and that their property development was being intentionally delayed, the Snowdons filed suit in federal district court alleging that the County committed numerous constitutional violations, a civil RICO violation, and the state torts of negligence and civil conspiracy. The district court granted the County's Motion for Summary Judgment with regard to all of the Snowdons' claims other than the Snowdons' takings claim, which the district court dismissed for lack of subject matter jurisdiction. The Snowdons timely appeal, and we AFFIRM the judgment of the district court.

A.    *The District Court Adequately Addressed the Substantive Basis for its Grant of Summary Judgment.*

The district court sufficiently indicated its basis for granting summary judgment in its finding that "[p]laintiffs rest on the proposition that any commercial property developed in Nye County is similarly situated," but fail to

"present[] evidence raising an issue of fact that these properties were similarly situated." The district court did not need to individually address each of the approximately sixty "similarly-situated" properties listed by the Snowdons in their Opposition to Defendants' Motion for Summary Judgment; the exact form and detail of reasons are left to the court's discretion, and the court need not address every available reason for its grant, *see* Fed. R. Civ. P. 56(a) advisory committee's notes, 2010 amendments (noting that the purpose of requiring a statement of reasons in Rule 56(a) is to ensure that there is adequate basis in the judgment for future review). The district court's reliance on an affidavit in making this determination was proper as that affidavit was an authentication of the records attached to the defendants' Reply. Fed. R. Civ. P. 56(c).

B. *The Snowdons Have Not Presented a Material Issue of Fact that Their Constitutional Rights Were Violated.*

The Snowdons have not established a § 1983 constitutional violation, as they have raised no issue of fact that a municipal custom or policy compelled conduct that violated a right secured by the Constitution and laws of the United States, *see*, 42 U.S.C. § 1983*; Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

1. Equal protection

3

The Snowdons do not claim to be members of protected class, and do not sufficiently support their claim of a "class of one" equal protection violation; the Snowdons have not raised a material issue of fact that the County intentionally treated them differently from others similarly situated and that "there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Although the Snowdons have identified properties in Nye County that purportedly did not face the same requirements and fees as did their Homestead property, they have presented no evidence that these other properties are similarly situated to their Homestead property and that Nye County has nevertheless intentionally and arbitrarily subjected Homestead to different requirements and fees. *See id.* Property is often zoned differently, built by different types of entities, and developed at different times under different regulations.

2.    Substantive due process

Likewise, the Snowdons' substantive due process claim rests on the notion that they were not treated as other similarly situated persons. As such, for the reasons described previously, the Snowdons have not alleged a due process violation sufficient to survive summary judgment.

3.    Takings

The Snowdons' takings claim is not ripe for review because the Snowdons have not appealed the decisions of Nye County, nor sought any other remedy through state-provided procedures. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985); *Adam Bros. Farming v. County of Santa Barbara*, 604 F.3d 1142, 1146-47 (9th Cir. 2010). We must dismiss any takings claim that is not ripe under *Williamson*. *Jama Constr. v. City of Los Angeles*, 938 F.2d 1045, 1048 (9th Cir. 1991).

C.   *The Snowdons Have Not Presented a Material Issue of Fact That a RICO Violation Has Taken Place.*

The Snowdons neither raised a material issue of fact regarding a predicate offense under the Racketeer Influenced and Corrupt Organization Act, nor a pattern of racketeering activity supporting a RICO violation. *Swartz v. KPMG, LLP*, 476 F.3d 756, 760–61 (9th Cir. 2007); *Walters v. Daryson*, 538 F.3d 1244, 1247 (9th Cir. 2008). RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Assn.*, 965 F.2d 783, 786 (9th Cir. 1992) *abrogated on other grounds by Diaz v Gates*, 420 F.3d 897 (9th Cir. 2005).

D.   *The Snowdons Have Not Presented a Material Dispute of Fact Regarding Their State Claims of Civil Conspiracy or Negligence.*

1.   Civil conspiracy

5

The Snowdons have not presented a material issue of fact that the wrongful acts of the County caused them injury. *Ekelberger v. Tolotti*, 611 P.2d 1086 (Nev. 1980). Subjecting a school to different permitting requirements than the Snowdons' proposed Homestead furniture store, for example, does not constitute a wrongful act. Nor have the Snowdons presented any facts that could show that any County agents acted in concert in committing the alleged wrongful acts. *Collins v. Union Fed. Sav. and Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983). 2.

Negligence

The Snowdons present no evidence that the County did anything beyond enforcing regulations and ordinances applicable to the their property, and as such have not established a material issue of fact regarding municipal policymakers' "continued adherence . . . to an approach that they know or should know has failed to prevent tortious conduct by employees." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal quotation marks omitted).

E.    *The District Court Properly Joined CAA to the County's Motion for Summary Judgment.*

The district court properly joined CAA to Nye County's Motion for Summary Judgment, because, in their joinder, CAA incorporated the facts and arguments presented by Nye County as their own.

F.    *The District Court Properly Granted the Lohman's and Johnson's Protective Order.*

The district court appropriately balanced the need for discovery and the fundamental right to privacy in rejecting the Snowdons' request for the confidential personnel files of Lohman and Johnson. *See Donrey of Nevada, Inc. v. Bradshaw*, 798 P.2d 144, 147–48 (Nev. 1990). The Snowdons do not present evidence indicating that the information in the files is relevant and that it cannot be produced through less intrusive means, but rather appear to be merely trying "to find a basis for discrediting" these two county employees. *Sonner v. State*, 930 P.2d 707, 715 (Nev. 1996). The Snowdons' "[b]road, unsupported claim[s]" regarding the *possible* value of Lohman's and Johnson's personnel file is not enough to compel discovery of those documents. *Id.* (internal quotation marks omitted).

AFFIRMED.